IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CANAL 66 PARTNERSHIP d/b/a DOUBLETREE HOTEL, | ) | |
| Plaintiff, | ) | No. 08-88C |
| v. | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff and defendant respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiff states that this Court has jurisdiction over this action pursuant to 41 U.S.C. § 609. Defendant is not aware at this time of any basis upon which to challenge this Court's jurisdiction.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

The parties agree that this case should not be bifurcated.

d. Deferral

The parties believe that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. Remand/Suspension

The parties agree that no remand or suspension will be sought.

f. Joinder

The parties are not aware of any additional parties that may be joined at this time.

g. Dispositive Motions

Defendant anticipates filing a motion for summary judgment at the close of discovery pursuant to RCFC 56. Plaintiff may, likewise, file a motion for summary judgment and will reevaluate that decision during the course of discovery.

h. Relevant Issues

Plaintiff identifies the following relevant factual and legal issues but reserves the right to supplement and/or modify these issues based upon the discovery to be conducted in this case:

1. Whether the terms and conditions of the September 18, 2005 Order for Supplies or Services (the "Contract") and the Amendment # 1 to the Contract (the "Amendment") are clear and unambiguous and, if not, whether any ambiguity should be construed against the Government.

2. Whether by unilaterally amending the Contract to extend the performance period the Federal Emergency Management Agency ("FEMA") amended the termination provision of the Contract.

3. Whether the Amendment, which FEMA unilaterally prepared and executed, obligated FEMA to reserve and lease 250-300 hotel rooms from Plaintiff from October 4, 2005 until, at least, September 30, 2006.

4. Whether FEMA employees reaffirmed FEMA's commitment to reserve and lease 250 hotel rooms from Plaintiff, on at least two separate occasions, following FEMA's issuance of the Amendment.

5. Whether FEMA wrongfully terminated the Contract, as amended, by issuing Standard Form 30 on March 27, 2006, which purported to terminate the Contract effective April 23, 2006.

6. Whether FEMA terminated the Contract, as amended, in bad faith or for other improper reasons.

7. Whether the Government should be equitably estopped from purporting to terminate the Contract, as amended, before September 30, 2006.

8. Whether Plaintiff suffered damages as a result of FEMA's wrongful and premature termination of the Contract, as amended, and the amount of any damages.

9. Whether Plaintiff is entitled to recover attorneys' fees, in addition to its other damages, because of FEMA's bad-faith conduct in accordance with 28 U.S.C. § 2412.

10. Whether FEMA wrongfully denied Plaintiff's formal dispute of wrongful termination of the Contract, as amended.

Defendant identifies the following relevant factual and legal issues:

1. Whether amending the performance period of the contract at issue in this litigation from six months to one-year modified the contract's termination clause, which granted each party the right to terminate the agreement after the initial six month performance period with a 30-day written notice.

2. Whether termination of the contact at issue in this litigation was wrongful.

3. Whether the contract at issue in this litigation limited the parties' right to early election and notification of intent to terminate after the initial six month performance period.

4. Whether the Government acted in bad faith when electing to terminate the contract at issue in this litigation

5. Whether the damages claimed by plaintiff are reasonable, justified, and supported by contemporaneous documentation and invoices.

i. Settlement

Defendant states that defendant will consider whether settlement or ADR may be appropriate after the resolution of any motions for summary judgment, but is unable to commit to either settlement or ADR at this early stage of litigation. Plaintiff has previously agreed to participate in the Court's ADR program in accordance with General Order No. 44 of the United States Court of Federal Claims and remains willing to do so at this time.

j. Trial

The parties anticipate the submission of cross-motions for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial or to ADR, if appropriate. The parties do not request an expedited trial scheduling.

k. Electronic Case Management

The parties have no special electronic case management needs.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

m. Proposed Discovery Plan

The following is a proposed discovery plan for this case:

| | Event | Plaintiff's proposed date | | Defendant's proposed date |
|---|---|---|---|---|
| 1. | Initial disclosures | August 15, 2008 | | August 15, 2008 |
| 2. | Close of non-expert discovery | December 31, 2008 | | December 31, 2008 |
| 3. | Designation of experts, if any | January 7, 2009 | | January 7, 2009 |
| 4. | Plaintiff's expert report(s), if any | February 6, 2009 | | February 6, 2009 |
| 5. | Defendant's expert report(s), if any | February 27, 2009 | | February 27, 2009 |
| 6. | Plaintiff's rebuttal expert report, if any | March 13, 2009 | | March 13, 2009 |
| 7. | Defendant's rebuttal expert report, if any | March 27, 2009 | | March 27, 2009 |
| 8. | Close of expert discovery, including depositions, if any | May 1, 2009 | | May 1, 2009 |

The parties propose that discovery be deemed complete if no expert witness is designated by Plaintiff or Defendant by January 7, 2009.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kirk Manhardt
KIRK MANHARDT
Assistant Director

/s/ Christopher L. Krafchek
CHRISTOPHER L. KRAFCHEK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, N.W.
Washington, DC 20530
Phone: (202) 353-9303

JAMES M. GARNER (Of Record)
JOSHUA S. FORCE (Of Counsel)
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L. C.
909 Poydras Street, Twenty-Eighth Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

Facsimile: (202) 514-8624

Attorney for Plaintiff

Attorneys for Defendant

July 21, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of July, 2008, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Christopher L. Krafchek